FILED

Jan 26 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA SCHOTT (NYBN 5132063)
Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   samantha.schott@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 4-21-70003 MAG |
| Plaintiff, | ) STIPULATION AND<br>) PROTECTIVE ORDER |
| v. | ) |
| DAVID DANIEL PEAT, | ) |
| Defendant. | ) |

     Plaintiff, United States of America, by and through David L. Anderson, United States Attorney for the Northern District of California, and Samantha Schott, Assistant United States Attorney for the Northern District of California, and the defendant, David Daniel Peat, and his attorney, Hanni Fakhoury, hereby stipulate and agree:

     The defendant is currently charged in a complaint with a violation of Title 18, United States Code, Section 2252(a)(4)(B), Possession of Child Pornography. In connection with this Complaint, the United States is in possession of investigative reports, other documents, and media that may identify the alleged minor victims in this case.

     Pursuant to Title 18, United States Code, section 3509(d), an attorney for the Government is required to take measures to maintain the confidentiality of documents and other materials that disclose

STIPULATION AND
PROTECTIVE ORDER

the identity of a child victim or witness, including the preparation of a proposed protective order that may "provide for any other measures that may be necessary to protect the privacy of the child" victim or witness.  18 U.S.C. § 3509(d)(3).

In order to comply with Title 18, United States Code, section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree that disclosure of the discovery material covered under this stipulation is subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Protective Order apply to all portions of documents, video recordings, audio recordings, and pictures or photographs produced by the United States in this case that identify or depict the alleged child victim in this investigation ("child victim information").

2. The following individuals (the "Defense Team") may obtain and examine any material identified in paragraph one, above, under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

   a. Counsel for defendant and any subsequent counsel of record, should current counsel of record be relieved from this case or should another counsel be added to the Court's docket;

   b. Persons directly employed by defense counsel who are assisting with the preparation of the defense;

   c. Defendant, but only in the presence of his attorney;

   d. Any expert retained on behalf of the defendant to assist in the defense of this matter; and

   e. Any investigator retained on behalf of defendant to assist in the defense of this matter.

3. The "Defense Team" does not include any family members or other associates of defendant.

4. The Defense Team shall maintain all child victim information received from the government in a manner consistent with the terms of this Protective Order and 18 U.S.C. § 3509(d). Child victim information produced to the defense shall be stored in a secure manner in the office of the defense attorneys.  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

STIPULATION AND
PROTECTIVE ORDER                    2

5.     Members of the Defense Team agree to treat child victim information as confidential, meaning that they will not be given to anyone outside the Defense Team without stipulation of the parties or a Court order, that they will not be included in any public filings, either in summary, in part, or as exhibits or attachments, and that the identity of the alleged child victims in this case will not be revealed to anyone outside the defense team without the stipulation of the parties or a Court order.  Any child victim information that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, pursuant to 18 U.S.C. § 3509(d).  The attorney of record and members of the Defense Team may display and review child victim information with defendant.  The attorney of record and members of the defense team acknowledge that providing copies of child victim discovery materials to defendant and other persons is prohibited, and agree not to duplicate or provide copies of this material to defendant and other persons.  Photographs of alleged child victim(s) covered by this Protective Order may be shown to witnesses.

6.     Defendant and his attorney are required to give a copy of this Protective Order to all individuals outside the office of the defense counsel engaged or consulted by defense counsel in preparation of the trial in this case.  Said individuals must agree in writing to be bound by the terms of this Protective Order before receiving any child victim information in connection with this case.  The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

7.     Members of the Defense Team agree to destroy or return to the United States any documents or other media covered by this Protective Order at the end of this litigation.

8.     Nothing in this order should be construed as imposing any discovery obligations on the government or defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

9.     Notwithstanding the provisions of this Protective Order, the United States will continue to keep confidential the contact information (not including the name, but including information such as home address, phone number, or email address) of any alleged minor victim or minor witness.  The

parties shall meet and confer regarding the manner of production or review of evidence that may reasonably be considered as particularly sensitive.

10. Counsel for defendant represents that defendant has reviewed the stipulation and protective order, understands the terms, and knowingly and voluntarily agrees to be bound by it.

SO STIPULATED:

DAVID L. ANDERSON
United States Attorney

DATED: January 26, 2021

/s/
SAMANTHA SCHOTT
Assistant United States Attorney

DATED: January 26, 2021

/s/
HANNI FAKHOURY
Attorney for Defendant

SO ORDERED.

DATED: January 26, 2021

HON. NATHANAEL M. COUSINS
United States Magistrate Judge

GRANTED

Judge Nathanael M. Cousins

STIPULATION AND
PROTECTIVE ORDER          4